GULF & SHIP ISLAND RAILROAD COMPANY *v.* FLORIAN C. FLOWERS ET AL.

NEW TRIAL. *Equity. Judgment fraudulent in effect. Injunction.*

Where the plaintiff's attorney caused defendant's attorney to believe and act upon the idea that a case would not be tried at the next term of the justice's court, but would be continued, a judgment taken by the plaintiff himself, in the absence of the defendant and his attorney at said term, is fraudulent in its effect, and after the defendant, being without fault, has lost the right of appeal, will be enjoined and a new trial will be granted in equity, although the plaintiff's attorney acted without intent to deceive.

FROM the chancery court of Jones county.

HON. JAMES L. McCASKILL, Chancellor.

The railroad company, appellant, was complainant, and Flowers and others, appellees, defendants in the court below. From a decree dissolving an injunction on bill, answer, and affidavits, the complainant appealed to the supreme court.

Flowers instituted suit before a justice of the peace, Jeffcoat, and a summons was issued thereon commanding the railroad company to appear and make defense on the 4th day of June, 1904.

Hearst, an attorney for the railroad company, started from his place of business, Hattiesburg, to the place of trial on that day. The place of trial was on the Saratoga-Laurel branch of the railroad company's lines. Hearst, the attorney, took the train for the place of trial, a station called Savage. While on the train, and before he reached Savage, he was advised by a lawyer, whom he met on the train, that plaintiff's attorney had caused the case to be continued until the next term of the justice's court, wherefore he did not leave the train at Savage, but went on to Laurel, where he met Flowers' attorney, who

assured him that the case had been continued, and he went home, abandoning all idea of the case being tried on that day.

The bill charged that the defendant had a perfect defense to the suit. It appeared, however, that in the absence of the attorneys of both parties, the justice of the peace, on plaintiff's demand, rendered a judgment in favor of the plaintiff against the railroad company, of which the railroad company was not ad-, vised until after the time had expired for prosecuting an appeal therefrom.

*McWillie & Thompson,* and *E. J. Bowers,* and *James H. Neville,* for appellant.

Even if we concede that Flowers, the plaintiff, had the right in spite of the wishes of his attorney to insist upon a trial of the case before the justice of the peace on the return-day of the summons, yet this does not go to the marrow of the suit. Surely the acts of Halsell were calculated to and did mislead Hearst, the railroad's attorney, and the railroad company, and caused them to be put off their guard in the matter of an appeal, although it was not intended that they should do so. The chancellor seems to have proceeded on the theory that Flowers had a right in spite of his attorney to demand a trial of the case, and to overlook, or to attach no significance to, the fact that the railroad company was deceived by the plaintiff's attorney, and thereby lost its right to appeal from the judgment of the justice of the peace. The right of appeal having thus been lost, the appellant, the railroad company, is without any recourse whatever, unless it be heard on the merits of its suit touching its right to a new trial, which new trial, under the circumstances of this case, ought to be granted by the chancery court.

According to the affidavits, both for the complainant and the defendant, the railroad company was misled and deceived, and thereby lost its right to appeal, and the chancellor should have overruled the motion to dissolve the injunction, and passed the whole subject-matter until the merits of the controversy could

be inquired into, on the final hearing, after both parties had had opportunity to fully make out their case by proofs.

*R. E. Halsell*, for appellees.

The proof utterly fails to establish any fraud on the part of Flowers or his attorney; in fact, the affidavit for Flowers and the affidavit for the railroad company set up almost the same facts.

Appellant's attorney was guilty of laches. He left Hattiesburg at ten o'clock in the morning, the very hour when he should have been at court, traveled eighty miles to court, and got there at 1:30 P.M., and, instead of stopping at the place of holding court, passed right on by, and went to Laurel and saw appellees' attorney, who told him he did not go to the court. In no way did appellees' attorney attempt to deceive Mr. Hearst.

Flowers certainly had the right to have his case tried and to conduct it without his attorney, if he so chose, and should not be deprived of his judgment on account of the carelessness of appellant. There is absolutely no hint or proof of fraud on the part of Flowers or the justice of the peace.

Where there is no fraud proven, but, on the other hand, appellant's own affidavit shows him negligent and guilty of laches, relief will be denied him in equity. *Brooks* v. *Shelton,* 47 Miss., 234; *Newman* v. *Morris,* 52 Miss., 402.

CALHOON, J., delivered the opinion of the court.

There is no question whatever in this case of the good faith of Flowers or his attorney. The sole question is whether it would not be a fraud to permit the judgment to stand. This record presents a situation where a judgment by default was had which is fraudulent in its effect, but not in its design.

It is conceded here that the railroad attorney took the train for the place of trial before the justice of the peace, but, having information on the train that the attorney for Flowers would not be there and that it would be useless to go, he passed the

place of trial, went on to Laurel, and saw the attorney for Flow-- ers, who told him he would not be at the place of trial, and that. he "had written to Mr. F. C. Flowers, his client, and had also written the justice of the peace, that he could not be there at the . trial on that day, and to continue the case." The railroad at- torney, when told this, went on home, though having then time to go to the place of trial on that day, and did not hear of any judgment until ten days after its rendition, too late to appeal. Flowers had the letter from his attorney, but did not continue the case, but himself took a judgment by default. The execu- tion of this judgment was enjoined, and the injunction should not have been dissolved. The railroad attorney had the right to rely on the statement of the attorney for Flowers; and, there being no dispute between counsel as to the facts above stated, the injunction is retained, the decree dissolving it reversed, and the cause remanded for further proceedings.

*Reversed and remanded.* ·